OPINION
{¶ 1} Appellant-defendant, Carl Coldiron, appeals an Auglaize County Common Pleas Court judgment, denying his motion for a new trial. Coldiron asserts the trial court abused its discretion in denying his motion for a new trial and in failing to recuse itself. Further, he asserts he was denied his right to a complete record. Finding Coldiron's claims have no merit, we overrule his assignment of error and affirm the judgment of the trial court.
 {¶ 2} In March of 2000, Coldiron was indicted for eight counts of rape, four counts of sexual battery, two counts of weapon under disability, and one count of unlawful possession of a dangerous ordinance. These charges arose from incidents involving two sisters. Coldiron plead guilty to one count of weapons under disability. The second weapons count and the unlawful possession of a dangerous ordnance were dismissed.
 {¶ 3} In August of 2000, the case involving the older sister was tried to a jury. Subsequently, the jury convicted Coldiron on all counts with regard to her, except for one count which was dismissed pursuant to Crim.R. 29.
 {¶ 4} In November of 2000, the trial court found Coldiron to be a sexual predator and imposed sentence. From that sentence, Coldiron appealed. This Court affirmed the judgment of the trial court. See Statev. Coldiron (Aug. 24, 2001), 3rd Dist. No. 2-2000-31. Subsequently, Coldiron filed for reopening of the appeal, which this Court, as well as the Ohio Supreme Court, denied.
 {¶ 5} In May of 2003, Coldiron filed a pro se motion to have the trial judge voluntarily withdraw, applied for an order allowing a motion for a new trial, applied for a new trial, and moved for appointment of counsel. Prior to the State filing a response, the court denied Coldiron's request for recusal, his motion for a new trial and the appointment of counsel. It is from this judgment Coldiron appeals, presenting the following assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court abused it's (SIC) discretion and did not avoid theappearance of impropriety in refusing to recuse itself from ruling onappellant's application for new trial when the application alleged grossjudicial misconduct and abuse of discretion by the trial court violatingappellant's due process rights under the first, fifth, sixth, eighth,ninth, and fourteenth amendments of the united states constitution.
 {¶ 6} Coldiron asserts that Judge Pepple was required to recuse himself from making any determination on his application for a new trial. According to Coldiron, the trial record, which had been certified by Judge Pepple and was used by Coldiron's appellate counsel, had been tampered with.
 {¶ 7} A court of appeals is without authority to determine whether a judge of the court of common pleas is, or should be, disqualified from presiding over a case. That duty rests with the Chief Justice of the Supreme Court of Ohio. R.C. 2701.03(A). "Since only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals [i]s without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." Beer v. Griffith (1978),54 Ohio St.2d 440, 441-442.
 {¶ 8} Accordingly, this Court lacks the authority to consider any questions about the court's refusal to recuse itself. Grogan v. T.W.Grogan Co. (2001), 143 Ohio App.3d 548, 557. Thus, Coldiron's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court abused it's (SIC) discretion in denying appellant'sapplication for order allowing motion for a new trial when application wastimely, presented new evidence which could not have been discoveredbefore, is material to a fair trial, and is a strong probability that theoutcome of the trial would be different if a new trial was granted, thusappellant was deprived procedural due process of law under the sixth andfourteenth amendment rights to a fair trial.
 ASSIGNMENT OF ERROR NO. III The trial court addressed the merits of appellant's application thusthe court of appeals is entitled to review the merits of the applicationas well.
 ASSIGNMENT OF ERROR NO. IV The trial court abused it's (SIC) discretion in failing to hold a dueprocess analysis to determine whether the conduct of the prosecutordeprived the appellant of his due process right to a fair trial when theapplication alleged prosecutorial misconduct.
 ASSIGNMENT OF ERROR NO. VI The allegations set forth in appellant's application for order allowingmotion for a new trial were unchallenged and not rebutted by the statethus the trial court erred and abused it's (SIC) discretion in denyingthe application.
 {¶ 9} In the above assignments of error, Coldiron asserts, for various reasons, that the trial court's denial of his application for a new trial was an abuse of discretion. Because these assignments of error are interrelated, we will address them together.
 {¶ 10} The granting of a motion for a new trial made pursuant to Crim. R. 33 is directed to the trial court's sound discretion and will not be disturbed absent an abuse of discretion. State v. Kiraly (1977),56 Ohio App.2d 37, 52. We may not find an abuse of discretion unless the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Crim.R. 33(B) sets forth the following timeframe for filing an application for a new trial:
Application for a new trial shall be made by motion, which except forthe cause of newly discovered evidence, shall be filed within fourteendays after the verdict was rendered, or the decision of the court where atrial by jury has been waived, unless it is made to appear by clear andconvincing proof that the defendant was unavoidably prevented from filinghis motion for a new trial, in which case the motion shall be made sevendays from the order of the court finding that the defendant wasunavoidably prevented from filing such motion within the time providedherein.
 Motions for new trial on account of newly discovered evidence shall befiled within one hundred and twenty days after the day upon which theverdict was rendered, or the decision of the court where trial by juryhas been waived. If it is made to appear by clear and convincing proofthat the defendant was unavoidably prevented from the discovery of theevidence upon which he must rely, such motion shall be filed within sevendays from an order of the court finding that he was unavoidably preventedfrom discovering the evidence within the one hundred and twenty dayperiod.
 {¶ 12} Considering the jury returned Coldiron's verdict in August of 2000, Coldiron has clearly missed all applicable deadlines. Furthermore, even if his application for a new trial were timely, we cannot say the trial court abused its discretion. In denying Coldiron's application for a new trial, the court put forth a six page written journal entry that thoroughly considered all issues. Upon a review of the entire record, we find the court's judgment is clearly supported. Accordingly, we overrule Coldiron's second, third, fourth and sixth assignments of error.
 ASSIGNMENT OF ERROR NO. V Appellant was denied his due process constitutional right to anunabridged record of the trial court proceedings.
 {¶ 13} In his fifth assignment of error, Coldiron maintains that the trial court's certification of the transcript violated his right to due process. We disagree.
 {¶ 14} Upon a review of the record, the trial transcript was properly certified pursuant to App.R. 9(A). The official court reporter certified the transcript from pages 1-172, 290-449 and 592-723, and the trial judge certified the transcripts from pages 173-289 and 450-491. Both certifications comply with the appellate rules. See App.R. 9(A) and (C). Accordingly, Coldiron's fifth assignment of error is overruled.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Bryant, P.J., and Walters, J., concur.