OPINION
{¶ 1} Defendant-appellant, Michael K. Bonner, (hereinafter, "appellant"), appeals from the judgment of the Court of Common Pleas of Defiance County denying appellant's pre-sentence motion to withdraw a previously entered plea of guilty.
 {¶ 2} This case involves several criminal charges and convictions against appellant. The procedural history and facts of this case are involved, and are as follows. In October 2000, appellant, in Case No. 00 CR 07807, was convicted of violating R.C. 4511.99, "driving under the influence," and sentenced to four years of community control. Approximately one year later, appellant again appeared before the trial court in Case No. 01 CR 08040, on a second, separate charge of driving under the influence. A plea entry hearing was held on the matter on August 15, 2001, in which appellant, pursuant to a plea agreement, tendered an admission to violations of his community control in Case No. 00 CR 07807 and entered a plea of guilty in Case No. 01 CR 08040.
 {¶ 3} Although the plea agreement was not in writing and is not in the record before us, the state orally made the following sentencing recommendation on the record at the August 15, 2001 plea hearing. In exchange for appellant's guilty plea in Case No. 01 CR 08040, the state recommended that appellant be sentenced to four (4) years of incarceration in Case No. 01 CR 08040, fined one-thousand dollars ($1,000), have his driver's license suspended for a period of five (5) years, and further stated that it would not oppose judicial release for appellant after he served one year in prison.
 {¶ 4} The trial court, thereafter, accepted appellant's plea of guilty in Case No. 01 CR 08040. The trial court then released appellant subject to the terms of a recognizance bond (see R.C.2937.29), which required appellant to return to the trial court for sentencing approximately one month later on September 14, 2001.
 {¶ 5} Appellant, however, failed to appear for the sentencing hearing in Case No. 01 CR 08040. Consequently, the trial court issued a warrant for appellant's arrest, and in October 2001, indicted appellant for failure to appear, a felony of the fourth degree in violation of R.C. 2937.29(B) (Case No. 01 CR 08123). Appellant was not arrested and did not appear before the trial court again until more then two years later on December 29, 2003.
 {¶ 6} The sentencing hearing for Case No. 01 CR 08040 was eventually held on February 5, 2004. Prior to the sentencing hearing, appellant became aware that the state was no longer willing to endorse the terms of the August 15, 2001 plea agreement. In response, appellant, on the day of sentencing, filed a motion with the trial court to withdraw his guilty plea in Case No. 01 CR 08040. The trial court denied appellant's motion and proceeded to sentence appellant on all three convictions in Case Nos. 00 CR 07807, 01 CR 08040, and 01 CR 08123.
 {¶ 7} In aggregate, appellant was sentenced to a term of seventy-five (75) months in prison. As pertinent to this appeal, appellant, in case No. 01 CR 08040, was sentenced to five (5) years in prison, fined eight-hundred dollars ($800), and had his driver's license suspended for a period of fifteen (15) years.
 {¶ 8} It is from this judgment that appellant now appeals and sets forth one assignment of error for our review. For purposes of this appeal, appellant's three cases have been consolidated.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the prejudice of hedefendant/appellant by not permitting the defendant/appellant towithdraw his guilty plea prior to sentencing by the trial court.
 {¶ 9} In this assignment of error, appellant maintains that when the state withdrew its original recommended sentence agreed to by the parties at the August 15, 2001 plea entry hearing, that his exchanged for plea of guilty in Case No. 01 CR 08040 was rendered involuntary and unenforceable. Appellant, therefore, asserts that the trial court erred in failing to grant his motion to withdraw. Appellant does not otherwise challenge the manner in which his guilty plea in Case No. 01 CR 08040 was originally entered and accepted by the trial court on August 15, 2001.
 {¶ 10} Crim.R. 32.[1] provides in part that a motion to withdraw a plea of guilty or no contest may be made before sentence is imposed. Although the general rule is that motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality, the right to withdraw a plea is not absolute. State v. Xie (1992), 62 Ohio St.3d 521, at paragraph one of the syllabus. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. Thereafter, the decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id., at paragraph two of the syllabus. Accordingly, absent an abuse of discretion, an appellate court should not disturb the trial court's decision.State v. Mack (Oct. 29, 1998), Allen App. No. 1-98-30. An abuse of discretion connotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 11} In making its determination, the trial court should consider:
1) whether the state will be prejudiced by withdrawal; 2) theepresentation afforded to the defendant by counsel; 3) the extentof the Crim.R. 11 plea hearing; 4) the extent of the hearing onthe motion to withdraw; 5) whether the trial court gave full andfair consideration to the motion; 6) whether the timing of themotion was reasonable; 7) the reasons for the motion; 8) whetherthe defendant understood the nature of the charges and potentialsentences; and 9) whether the accused was perhaps not guilty orhad a complete defense to the charge."
 State v. Lewis, Allen App. No. 1-02-10, 2002-Ohio-3950, at ¶ 11, citing State v. Lane (2001), Allen App. No. 1-01-69; see also State v. Fish (1995), 104 Ohio App.3d 236, 239.
 {¶ 12} In the case sub judice, we find that the above listed factors weigh heavily against granting appellant's motion to withdrawal. First, had the trial court granted appellant's motion to withdraw, the more than two year delay caused by appellant's failure to appear would substantially prejudice the state's ability to proceed to trial and effectively prosecute appellant. See State v. Price, 1st Dist. No. C-030262, 2003-Ohio-7109, at ¶ 11; citation omitted, ("Prejudice to the state and a long delay in the proceedings are two major considerations weighing in favor of overruling a motion to withdraw a plea of guilty.").
 {¶ 13} In addition, it is undisputed that the trial court afforded appellant a full hearing in compliance with Crim.R. 11 when appellant originally entered his guilty plea in Case No. 01 CR 08040. The record and transcript of the August 15, 2001 plea entry hearing reflect that before entering his plea, appellant had competent counsel and understood the nature of the charges and potential sentences that could be imposed upon him. Moreover, the trial court expressly stated to appellant that the state's recommended sentence was not binding upon the court and that it was not required to follow the state's recommendation.
 {¶ 14} As to the court's consideration of appellant's motion to withdraw his guilty plea, we find, despite appellant making his motion on the same day as the scheduled sentencing hearing (February 5, 2004), that the trial court heard the arguments of appellant's counsel and fairly considered appellant's motion. Moreover, appellant does not now, nor has he ever, asserted that he has a valid defense to the original charge of driving under the influence in Case No. 01 CR 08040.
 {¶ 15} Lastly, we find the crux of appellant's argument that the state allegedly breached the plea agreement in Case No. 01 CR 08040 by withdrawing its original recommendation to be unpersuasive.1 While the state is normally required to comply with the terms of a plea agreement,[2] when applied to the facts of the case herein, appellant cannot prevail upon the merits of his argument.
 {¶ 16} In support of his argument, appellant asserts that the United States Supreme Court decision in Santobello v. New York
(1971), 404 U.S. 257, is controlling in this matter. Santobello
stands for the proposition that plea bargaining is akin to contract law principles in that both parties bargain for an agreement and, accordingly, if one side breaches the agreement, the other side is entitled to either rescission or specific performance of the plea agreement. State v. Eaton, 3d Dist. No. 14-04-12, 2004-Ohio-5349, at ¶ 12, citing Santobello, supra at 262; see also State v. Lewis, 3d Dist. No. 1-02-10, 2002-Ohio-3950, at ¶ 23.
 {¶ 17} First, in considering appellant's argument using principles of contract law, we find that appellant's failure to appear at the sentencing hearing and his more than two year evasion of the law constitutes a breach of the plea agreement.[3] Having been released by the trial court under the terms of a recognizance bond prior to the scheduled sentencing date in Case No. 01 CR 08040, appellant unequivocally knew that he was required to return to the court on September 14, 2001. Furthermore, appellant's failure to appear at the sentencing hearing rendered the performance of the state's end of the plea agreement an impossibility. It was appellant, not the state, who breached the terms of the plea agreement.
 {¶ 18} In addition, under the circumstances of this case, the state's withdrawal of its previously recommended sentence does not constitute a "reasonable and legitimate basis" for the withdrawal of appellant's plea. See generally, Xie, supra at paragraph one of the syllabus; Lewis, supra at ¶ 11. Assuming arguendo that the state continued to fully honor the original plea agreement, the trial court, was nevertheless, not bound to follow the state's recommended sentence.[4] Moreover, considering the fact that appellant disobeyed the trial court, absconded, and evaded justice for more then two years, even if the state were to stand silent, the likelihood that appellant would be granted early judicial release after one year in prison is miniscule at best. Accordingly, even if we were to look favorably upon appellant's argument, the weight to be given to the state's withdrawal of its originally recommended sentence in Case No. 01 CR 08040 is minimal.
 {¶ 19} Having applied the factors listed above, which weigh heavily against appellant, we cannot find that the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea. Consequently, appellant's assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of conviction and sentence of the trial court.
Judgments affirmed.
 Shaw, P.J. and Rogers, J., concur.
[1] We note that the state did not fully withdraw the terms of the original plea agreement. The state, at the February 5, 2004 sentencing hearing for Case No. 01 CR 08040, consistent with the original plea agreement, recommended that appellant be sentenced to four (4) years in prison, and actually lowered the recommended fine from one-thousand ($1,000) to eight-hundred ($800) dollars. Adverse to appellant, the state altered its original recommendation and increased the suggested driver's license suspension from five (5) to ten (10) years and stated that it was no longer willing to endorse or stand silent as to whether appellant should be judicially released after one year in prison.
[2] See State v. Lewis, 3d Dist. No. 1-02-10, 2002-Ohio-3950, at ¶ 21, quoting, Santobello v. New York (1971), 404 U.S. 257,262, ("`[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'").
[3] For example, see State v. Price, 1st Dist. No. C-030262, 2003-Ohio-7109, at ¶ 14, ("[defendant], as the party who breached the plea agreement, was not entitled to enforcement of the six-year agreed sentence. * * * [A] defendant's failure to appear for sentencing voids the terms of an agreed sentence[.]");
[4] For example, see Price, supra, at ¶ 1. ("[a] trial court is not bound by an agreed sentence where a defendant absconds before sentence and, after his arrest, the trial court overrules his motion to withdraw his guilty plea.").