OPINION *Page 2 
{¶ 1} Defendant-appellant, David Earl Milligan (hereinafter "Milligan"), appeals the judgment of the Wyandot County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On September 22, 2005, the Wyandot County Grand Jury indicted Milligan on count one of grand theft, in violation of R.C. 2913.02(A)(2), a fourth degree felony; and count two of passing bad checks, in violation of R.C. 2913.11(B), a fourth degree felony.
 {¶ 3} On October 26, 2005, the trial court held Milligan's arraignment. At the arraignment, Milligan waived his right to trial counsel. Pursuant to a plea agreement, Milligan pled guilty to passing bad checks, and the trial court dismissed count one of the indictment.
 {¶ 4} The trial court scheduled a sentencing hearing for January 5, 2006; however, Milligan did not appear. The trial court ordered that a capias be issued for Milligan's arrest and continued the sentencing to January 18, 2006. On January 17, 2006, Milligan filed a motion for continuance of the sentencing hearing. In the motion, Milligan stated that he was injured at his job on December 8, 2005, that he was prescribed narcotics for treatment due to a head injury he received, and that on January 5, 2006, he was under a doctor's care and he was unable to travel. The trial court denied the continuance. *Page 3 
 {¶ 5} On January 25, 2006, the trial court filed a judgment entry stating that the defendant failed to appear for his sentencing on January 18, 2006, and that a capias remains in effect.
 {¶ 6} At some point, Milligan was incarcerated in Tennessee. On January 2, 2008, the prosecution filed a motion for a continuance because the Wyandot County Sheriff was unable to pick up Milligan because the paperwork from the Brushy Mountain Correctional Complex in Tennessee was not ready. Thereafter, the trial court granted the prosecution's request for a continuance.
 {¶ 7} The sentencing hearing was conducted on January 23, 2008. The trial court sentenced Milligan to seventeen months imprisonment. The trial court further ordered that his sentence be served consecutively with his sentence in Tennessee. The trial court also ordered Milligan to pay restitution in the amount of $6,726.00.
 {¶ 8} It is from this judgment that Milligan appeals and asserts two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL JUDGE ERRED BY NOT RECUSING HERSELF FROM THE CASE FOR THE FACT OF HER CURRENT AND PAST PROFESSIONAL RELATIONSHIP WITH THE VICTIM THEREBY DENYING THE DEFENDANT'S RIGHT TO HAVE PROCEEDINGS OVERSEEN BY A JURIST THAT IS NOT ONLY FREE OF ACTUAL BIAS BUT HAS NO TINGE OF PRECEIVED OR POTENTIAL BAIS. *Page 4 
 {¶ 9} In his first assignment of error, Milligan argues that there was an appearance of bias or at least a potential of bias on behalf of the trial court judge because: (1.) the victim in the case was Tom Osborne, a Municipal Court Judge in Upper Sandusky, Wyandot County; and (2.) the trial court judge stated at the arraignment that she had practiced law with Osborne and had respect for him as a fellow jurist. Milligan argues that the trial court judge had an affirmative duty to recuse herself in order to ensure that his due process rights were protected. Milligan also asserts that he was promised by the prosecution that if he pled guilty at the arraignment, then one charge would be dropped and he would be released on an OR bond, and it was unclear how a request for a continuance to obtain an attorney or whether he asked the judge to be removed would upset his agreement with the prosecution.
 {¶ 10} At arraignment, the following discussion took place in regards to the victim in this case:
 THE COURT: All right. In reading the Indictment, there's another matter I wish to bring up to your attention, Mr. Milligan. I see that the Tom Osborne noted in the Indictment as the victim, according to Count One, is connected with Mary Fox. So I am assuming that is the Judge of the Municipal Court that we're talking about as the victim?
 MR. MILLER: Yes, Your Honor.
 THE COURT: But he's not the victim as the Judge of the Municipal Court; is that correct?
 MR. MILLER: No, this is in his — solely in his individual capacity, Your Honor.
 THE COURT: All right. *Page 5 
 MR. MILLER: As a home builder.
 THE COURT: Mr. Milligan, I want to bring to your attention the fact that, uhm, many years ago I practiced law with Mr.
 Osborne. I respect him as a fellow jurist. If you have a problem with me sitting on this case as a result of that connection, uhm, I would recuse myself and we'll get another judge in here to handle this matter. I just wanted to bring that to your attention so that if some day later you found that out, you'd say, Oh, I was railroaded, you know.
 MR. MILLIGAN: No, I trust you to make a fair decision.
 THE COURT: You have no problem, then, knowing that background with me, continuing on the case?
 MR. MILLIGAN: No, ma'am.
 THE COURT: And you realize I'm — I'm not trying to influence you to ask me to step down; but I'm not trying to influence you to think that there'd be some repercussion if you did do that?
 MR. MILLIGAN: No.
(Tr. 10/26/2005 at 11-12).
 {¶ 11} This Court has previously discussed the following:
 A court of appeals is without authority to determine whether a judge of the court of common pleas is, or should be, disqualified from presiding over a case. That duty rests with the Chief Justice of the Supreme Court of Ohio. R.C. 2907.03(A). "Since only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals [i]s without authority to pass upon disqualification or to void the judgment Ohio St.2d 440, 441-442.
 Accordingly, this Court lacks the authority to consider any questions about the court's refusal to recuse itself. Grogan v. T.W. Groagan Co. (2001), 143 Ohio App.3d 548, 557.
State v. Coldiron, 3d Dist. No. 2-03-19, 2003-Ohio-7114, ¶¶ 7-8.
 {¶ 12} Thus, this Court is without authority to determine whether the trial court judge should have been disqualified in this case. In addition, the judge *Page 6 
informed Milligan about her previous connection to the victim in this case, and that the victim was a Municipal Court judge. (Tr. 10/26/2005 at 11-12). The trial court judge offered to recuse herself if Milligan had a problem with her connection to the victim; however, Milligan chose not to request the judge's recusal. Furthermore, Milligan could have filed an affidavit of disqualification with the Chief Justice of the Ohio Supreme Court if he wanted to disqualify the trial court judge from hearing the case but did not do so.
 {¶ 13} Consequently, Milligan's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II THE PROSECUTOR ABUSED THE RIGHTS OF THE DEFENDANT WHEN HE COERCED THE DEFENDANT INTO ACCEPTING A GUILTY PLEA WITHOUT COUNSEL AND SUBSEQUENTLY BREACHED THE NEGOTIATED PLEA AGREEMENT BY MAKING A RECOMMENDATION CONTRAY[SIC] TO THE ORIGINAL PLEA AGREEMENT.
 {¶ 14} Milligan maintains, in his second assignment of error, that the prosecution violated the plea agreement when it asked for an Ohio sentence, and that the sentence run consecutive to a sentence imposed in Tennessee. Milligan maintains that the prosecution agreed to recommend community control and an OR bond, recommend no fine be imposed, and stated that a stayed jail term could be expected as long as there were good faith restitution payments; however, the prosecution violated the agreement when it requested a prison term. *Page 7 
 {¶ 15} The prosecution counters by arguing that Milligan breached the plea agreement by failing to appear for sentencing, violating his bond, and delaying the imposition of sentence.
 {¶ 16} A plea agreement is a contract between the prosecution and a criminal defendant, and thus, is governed by principles of contract law.State v. Adkins, 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729, ¶ 7, citations omitted. "Ohio courts have generally held that if a defendant fails to appear at the sentencing hearing, the defendant is in breach of any plea agreement." Id. at ¶ 8, citations omitted; State v.Bonner, 3d Dist. Nos. 4-4-05, 4-4-06, 4-4-07, 2004-Ohio-6043, ¶ 17. The appearance of a defendant at a scheduled hearing date is "an implied covenant in any plea agreement." Id. at ¶ 9, citing State v. Hess (Dec. 24, 1991), 4th Dist. No. 515 (Harsha, J., concurring).
 {¶ 17} Milligan attempts to distinguish Bonner by arguing: (1) that he was unrepresented by counsel, unlike the appellant in Bonner; (2) inBonner, the prosecution kept part of the plea agreement; and (3) the sentencing date in Bonner case was set at the time of the plea hearing. However, we find that these differences do not distinguishBonner from the present case.
 {¶ 18} In the present case, Milligan did not appear at the sentencing hearing scheduled for January 5, 2006. The trial court ordered a capias be issued and continued the sentencing to January 18, 2006. Milligan filed a motion for a *Page 8 
continuance of the sentencing hearing, which the trial court denied. Milligan again failed to appear at the sentencing hearing.
 {¶ 19} Accordingly, we find that Milligan violated his plea agreement with the prosecution when he failed to appear at his sentencing hearing. Since Milligan violated the plea agreement, the prosecution was free to request that an Ohio prison term be imposed and that it run consecutive to the term of imprisonment that Milligan was serving in Tennessee.
 {¶ 20} Milligan's second assignment of error is, therefore, overruled.
 {¶ 21} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 WILLAMOWSKI and ROGERS, JJ., concur. *Page 1