OPINION
{¶ 1} This is an appeal from the judgment of the Seneca County Court of Common Pleas which denied Defendant-appellant, Vincent Fell, Jr.'s ("Fell"), motion to withdraw his guilty plea to one count of Possession of Crack Cocaine and one count of Possession of Marihuana.
 {¶ 2} On March 2, 2001, Fell entered a negotiated plea of guilty to one count of Possession of Cocaine, in violation of R.C. 2925.11(A), (C)(4)(e), a felony of the first degree, and one count of Possession of Marihuana, in violation of R.C.2925.11(A), (C)(3)(c), a felony of the fifth degree. The negotiated plea included a joint sentence recommendation that Fell would be sentenced to a mandatory prison term for the first degree felony and a stated prison term for the fifth degree felony, to be served concurrently. While not in writing, the State also agreed to recommend that Fell receive the minimum sentence on each count. Fell was advised that the trial court could sentence him to anything from three to ten years in prison on the Possession of Cocaine charge and anything from six to twelve months on the Possession of Marihuana charge. Fell agreed in the written plea and at the plea hearing that if he altered the status quo by violating the law, the State could change its sentencing recommendation.
 {¶ 3} Thereafter, Fell failed to appear for his sentencing hearing, and a bench warrant was issued for his arrest. Two years later, on August 28, 2003, Fell was arrested on that warrant. After the State notified Fell that it was not bound by the prior sentence recommendation, Fell filed a motion to withdraw his guilty plea. After conducting a hearing on the motion, the trial court denied Fell's motion stating "There's been no testimony or other evidence from anyone * * * regarding the merits of this Motion to Withdraw the Guilty Plea." Thereafter, the trial court sentenced Fell to five years in prison on count one and seven months on count two to be served concurrently. Fell now appeals arguing that the trial court abused its discretion when it denied his motion to withdraw his plea.
 {¶ 4} Crim.R. 32.1 reads: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Although the general rule is that motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality, the right to withdraw a plea is not absolute. Statev. Xie (1992), 62 Ohio St.3d 521, 526. at paragraph one of the syllabus; State v. Schneider (1993), Seneca App. No. 13-92-45. Trial courts must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. Thereafter, the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Xie, supra.
 {¶ 5} In making its determination, the trial court should consider: "1) whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge."State v. Lewis, Allen App. No. 1-02-10, 2002-Ohio-3950, ¶ 11, citing State v. Lane (2001), Allen App. No. 1-01-69.
 {¶ 6} While Fell argued that he should be permitted to withdraw his guilty plea, he relied solely on the plea agreement itself, providing the trial court with no further evidence to consider. In this case, an extensive Crim.R. 11 plea hearing was held wherein the trial court afforded Fell numerous opportunities to ask questions and made several inquiries into Fell's understanding of the proceedings and all allied constitutional rights that he was waiving by pleading guilty, to which Fell consistently stated that he understood the import of his decision and that it was voluntary. Fell further confirmed that he was not impaired or under the influence of drugs or alcohol and that his plea had not been coerced. Moreover, Fell voluntarily signed a written plea agreement which reflected the discussion held at the hearing.
 {¶ 7} Under these circumstances, we cannot find that the trial court abused its discretion in denying Fell's motion to withdraw his guilty plea. Consequently, Fell's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Cupp and Bryant, JJ., concur.