OPINION
{¶ 1} Defendant-appellant Christopher Hollis appeals his April 29, 2004 conviction and sentence in the Stark County Court of Common Pleas on one count of tampering with evidence, in violation of R.C. Section2921.10(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was arrested on February 18, 2004, pursuant to an active warrant. During the course of the arrest, the arresting officer observed appellant take a small, clear plastic bag containing an off-white, rock-like substance out of his pocket and swallow it.
 {¶ 3} The officer read appellant his Miranda rights, and then transported appellant to Alliance Community Hospital. At the hospital, appellant was read his Miranda rights a second time. Appellant did not voluntarily submit to treatment, but was involuntarily treated, including having his stomach pumped, vomiting induced and being forced to drink a gallon of laxative. No plastic or drugs were recovered from these procedures.
 {¶ 4} During the course of treatment, appellant told a physician's assistant he swallowed something, but did not say what. Also, an officer told appellant he could not believe he swallowed crack cocaine, which can be lethal, at which point, appellant informed the officer he did not swallow crack, but "dummies" or fake crack cocaine. A few hours later, appellant admitted to swallowing real crack cocaine, explaining he claimed to have swallowed fake crack because he thought the punishment would be less severe. He further admitted he had smoked crack cocaine prior to his arrest.
 {¶ 5} Appellant was indicted on one count of tampering with evidence, in violation of O.R.C. Section 2921.10(A)(1). Following a jury's verdict of guilty on April 29, 2004, the trial court convicted appellant and sentenced him to three years in prison.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. The appellant was denied the effective assistance of counsel where there was no objection to admission of hospital records.
 {¶ 8} "II. The trial court committed plain error by allowing the introduction into evidence of the appellant's statements to both hospital staff and police officers.
 {¶ 9} "III. The trial court erred and deprived the appellant of his due process rights when it instructed the jury that the appellant could be found guilty for tampering with either real or counterfeit drugs when the bill of particulars only stated that the appellant had tampered with real drugs.
 {¶ 10} "IV. The decision of the jury was against the manifest weight and the sufficiency of the evidence."
 I, II {¶ 11} Appellant's first two assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 12} Appellant maintains his trial counsel performed ineffectively by failing to object to the introduction of medical records and statements made to officers and medical staff during the course of his treatment.
 {¶ 13} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 14} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 15} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 16} Second, appellant argues the trial court committed plain error by allowing the introduction into evidence of appellant's statements both the hospital staff and police officer.
 {¶ 17} Under the plain error doctrine, reversible error occurs only if "but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus. Further, notice of plain error is to be taken only with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Id. at paragraph three of the syllabus.
 {¶ 18} Appellant argues his statements to medical personnel were made during the course of refused medical treatment; therefore, inadmissible hearsay. He maintains because he did not voluntarily consent to treatment, his statements were not for the purpose of medical treatment or diagnosis.
 {¶ 19} Evidence Rule 803(4) provides:
 {¶ 20} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness.
* * *
 {¶ 21} "(4) Statements for purposes of medical diagnosis or treatment
Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."
 {¶ 22} We find, despite his initial refusal to treatment, appellant's statements to medical personnel at the hospital concerning the cause or source of his past or present condition fall within the parameters of Rule 803(4) as they were made for the purpose of medical diagnosis or treatment; therefore, the statements are deemed trustworthy and admissible. Although appellant's treatment was involuntary, his statements made during that treatment were, nevertheless, voluntary and made for the purpose of medical diagnosis and treatment.
 {¶ 23} Appellant further maintains the trial court committed plain error by allowing the introduction into evidence of appellant's statements to the police officers. Appellant argues the statements were made under duress and his mental state was overborne due to his intoxication as a result of smoking crack cocaine prior to his arrest.
 {¶ 24} Initially, we note appellant does not demonstrate coercive acts by the police, nor does he demonstrate the extent to which his intoxication produced the statements. Appellant made the statements to the police officer after having been read his Miranda rights on two separate occasions. Therefore, appellant was properly advised of hisMiranda rights and waived them by making a voluntary statement to the police. Appellant has not demonstrated had his counsel objected, the objection would have been sustained.
 {¶ 25} Upon review, the trial court did not commit plain error in allowing the medical records and statements made by appellant to the police officers and medical staff. Further, appellant has not established his counsel was ineffective for failing to object to the same, as he has not demonstrated an objection would have been sustained. Appellant's counsel was not required to make a motion which did not have a reasonable probability of success on the merits. See, State v. Uselton, May 12, 2004, Ashland App. No. 03COA032.
 {¶ 26} Appellant's first and second assignments of error are overruled.
 III, IV {¶ 27} Appellant's third and fourth assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 28} Appellant maintains he was denied his rights to due process and fundamental fairness when the jury was instructed to find him guilty of tampering with evidence if he had concealed either real or fake drugs. Appellant argues the prosecution only alleged the concealment of real drugs in the indictment; therefore, the court should have limited its instructions to the jury. Appellant cites the bill of particulars, asserting he was not on notice of the charges against him, which included the concealment of fake drugs.
 {¶ 29} Appellant further maintains, because no plastic baggie or rocks were ever found, his conviction for tampering with evidence is against the manifest weight and sufficiency of the evidence.
 {¶ 30} Upon review, the bill of particulars was not limited to real crack cocaine. Rather, the bill of particulars stated appellant "removed a small piece of plastic containing what appeared to be crack cocaine
from his pants pocket, put it in his mouth, and swallowed it." (Emphasis added.)
 {¶ 31} ORC 2921.12 defines tampering with evidence as requiring 1. knowledge, 2. of the likely institution of an investigation, 3. by a public official, 4. concealment, alteration, destruction, or removal, 5.of any thing, 6. with the purpose to impair its value, 7. in the investigation. (Emphasis added).
 {¶ 32} Appellant was charged with one count of tampering with evidence in violation of R.C. 2921.12. The statute does not require the state to prove whether appellant tampered with real drugs. Rather, Section 2921.12
encompasses tampering with "any thing" with the purpose to impair its value in the investigation.
 {¶ 33} As noted above, the bill of particulars stated the bag "appeared" to contain crack cocaine; it did not state the substance was in fact crack cocaine. Therefore, appellant was on notice the state was not arguing the drugs were real, and the trial court did not err in allowing the instruction regarding either real or fake drugs.
 {¶ 34} We now turn to appellant's allegation his conviction is against the manifest weight of the evidence. Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also,State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 35} Upon review, the arresting officer testified he observed appellant swallow the small, clear plastic baggie containing an off-white, rock-like substance, appearing to be crack cocaine, in the course of his arrest. Based upon our disposition of the assignments of error, the jury properly considered appellant's statements to medical personnel at the hospital and to the arresting police officers concerning his ingestion of crack cocaine. Therefore, we cannot find the jury lost its way and created a manifest miscarriage of justice in convicting appellant of tampering with evidence.
 {¶ 36} Appellant's third and fourth assignments of error are overruled. \
 {¶ 37} The April 29, 2004 conviction and sentence of the Stark County Court of Common Pleas on one count of tampering with evidence, in violation of R.C. 2921.12, is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.