The STATE of Ohio, Appellee,

v.

ADKINS, Appellant.

[Cite as State v. Adkins, 161 Ohio App.3d 114, 2005-Ohio-2577.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 04CA34.

Decided May 17, 2005.

C. David Warren, Athens County Prosecuting Attorney, and Michael R. Huff, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, Ohio Public Defender, and Charles B. Clovis, Assistant Public Defender, for appellant.

PETER B. ABELE, Presiding Judge.

{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. The trial court found John Adkins, defendant-appellant, guilty of possession of marijuana in violation of R.C. 2925.11(A).

{¶ 2} Appellant assigns the following errors for review:

First Assignment of Error:

The trial court erred by allowing the state to breach its plea agreement with Mr. Adkins.

Second Assignment of Error:

The trial court erred when it sentenced Mr. Adkins based on a guilty plea that was not knowing, intelligent, and voluntary under the Fifth and Fourteenth Amendments to the United States Constitution, Section 16, Article I of the Ohio Constitution, and Crim.R. 11.

Third Assignment of Error:

Counsel's failure to move to withdraw Mr. Adkins' guilty plea at or before sentencing denied Mr. Adkins the effective assistance of counsel.

Fourth Assignment of Error:

The trial court erred by imposing a maximum sentence without making the appropriate findings at either Mr. Adkins' sentencing hearing or in Mr. Adkins' sentencing entry.

Fifth Assignment of Error:

The trial court erred by sentencing Mr. Adkins to prison based on facts not found by a jury or admitted by Mr. Adkins.

{¶ 3} On November 21, 1999, Sergeant Lauer, of the Ohio State Highway Patrol, stopped appellant for speeding. The officer approached appellant's vehicle and detected a strong odor of marijuana. When he searched the car, Sergeant Lauer found several bags of marijuana (over 386 grams).

{¶ 4} On January 18, 2000, the Athens County Grand Jury returned an indictment charging appellant with possession of marijuana in violation of R.C. 2925.11(A). Subsequently, appellant and the prosecutor reached the agreement that he would plead guilty to the offense in exchange for the prosecutor's recommendation that he be committed to the Southeastern Probationary Treatment Alternative ("SEPTA") rather than prison. On July 24, 2001, the trial court reviewed the specifics of the plea agreement, explained to appellant his various rights, and heard a recitation of the facts. The court ultimately accepted appellant's plea, found appellant guilty, and ordered a presentence investigation.

{¶ 5} The trial court scheduled the matter for sentencing, but appellant did not appear. The trial court scheduled several more sentencing hearings, and appellant failed to appear at them as well.[1] Finally, on May 24, 2004, almost three years after appellant's guilty plea, appellant appeared for a sentencing hearing. At the hearing, the trial court noted that appellant had failed to attend the previously scheduled hearing dates and had failed to appear for the SEPTA evaluation, as he had been ordered to do at the change-of-plea hearing. The court stated that it "assume[d]" that the plea agreement was "ancient history," and the prosecution confirmed that it would no longer abide by the terms of the plea agreement. The court then sentenced appellant to one year in prison. This appeal followed.

I

{¶ 6} We consider appellant's first and second assignments of error together, as they both address appellant's 2001 plea agreement and the failure to abide by that agreement at the 2004 sentencing hearing. Appellant asserts that despite the fact that he failed to appear at the scheduled sentencing hearings and failed to present himself for a SEPTA evaluation, which was necessary to implement the terms of the plea agreement, (1) the prosecution violated the plea agreement, (2) the trial court allowed such violation to occur, and (3) his plea was rendered involuntary as a result of this action. We disagree with appellant.

---

1. Appellant later explained that his mother had suffered a stroke during the course of the proceedings and that he did not appear at the scheduled sentencing hearings because he wanted to take care of her. After that, his counsel argued, appellant became fearful of what would happen because of the missed sentencing dates, and the situation "snowballed." We note that a warrant was issued for appellant's arrest, but it was apparently never executed, and he appeared voluntarily at the May 24, 2004 hearing.

{¶ 7} Appellant is correct insofar as he argues that plea agreements are contracts between the state and criminal defendants and are subject to contract-law principles. See *State v. Butts* (1996), 112 Ohio App.3d 683, 685–686, 679 N.E.2d 1170; see, also, *State v. Burks*, Franklin App. No. 04AP–531, 2005-Ohio-531, 2005 WL 647564, at ¶ 18; *State v. Staten*, Mahoning App. No. 03MA187, 2005-Ohio-1350, 2005 WL 678628, at ¶ 31; *State v. Bray*, Lorain App. No. 03CA008241, 2004-Ohio-1067, 2004 WL 432265, at ¶ 24. Appellant errs in his argument, however, in asserting that the prosecutor breached the plea agreement. Rather, appellant breached the agreement and thus relieved the prosecutor of his obligations under the agreement.

{¶ 8} Our review of the record reveals that appellant failed to appear at his first sentencing hearing and subsequent hearings. Appellant also failed to undergo a SEPTA evaluation that was required to comply with the plea agreement. Ohio courts have generally held that if a defendant fails to appear at a sentencing hearing, the defendant is in breach of the terms of any plea agreement. See *State v. Bonner*, Defiance App. Nos. 4–04–05, 4–04–06, and 4–04–07, 2004-Ohio-6043, 2004 WL 2589086, at ¶ 17; *State v. Price*, Hamilton App. No. C–030262, 2003-Ohio-7109, 2003 WL 23018596, at ¶ 14; *State v. Doyle* (Apr. 5, 2001), Muskingum App. No. 00CA15, 2001 WL 361013; *State v. Hess* (Dec. 24, 1991), Adams App. No. 515, 1991 WL 286052 (Harsha, J., concurring); *State v. Randazzo* (Sep. 30, 1988), Geauga App. No. 1420, 1988 WL 102604. In the case at bar, appellant's failure to attend several scheduled sentencing hearings, as well as the SEPTA evaluation, constitutes a breach of the plea agreement's terms. Thus, the prosecutor was relieved of his obligations under the agreement and could propose any sentence that he believed appropriate at the 2004 sentencing hearing.

{¶ 9} Appellant counters with the assertion that nothing appears in the terms of the plea agreement that required him to appear at a sentencing hearing. Thus, he claims, he could not be in breach of the agreement. We vehemently disagree with this assertion. As Judge Harsha has previously stated, appearance at all scheduled court dates is an implied covenant in any plea agreement. See *Hess*, supra (Harsha, J., concurring) ("Implicit in any plea bargain, is the condition that the defendant appear for sentencing. Where the defendant fails to do so, that failure is a sufficient breach of the agreement to relieve the State of its obligation" under the plea agreement). In the instant case, appellant's contention that he was not obligated to appear for sentencing is without merit.

{¶ 10} In summary, appellant's breach of the plea agreement relieved the prosecutor of his obligations under that agreement. Thus, appellant cannot now claim that his plea was involuntary as a result of the prosecutor's actions.

{¶ 11} For these reasons, we hereby overrule appellant's first and second assignments of error.

## II

■ {¶ 12} Appellant asserts in his third assignment of error that he received ineffective representation from trial counsel because counsel did not request to withdraw his guilty plea before the trial court pronounced sentence. We disagree.

■ {¶ 13} Our analysis begins with the proposition that criminal defendants have the right to effective assistance of counsel. *McMann v. Richardson* (1970), 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763; *State v. Lytle* (Mar. 10, 1997), Ross App. No. 96CA2182, 1997 WL 118069; *State v. Doles* (Sep. 18, 1991), Ross App. No. 1660, 1991 WL 179582. To obtain the reversal of a conviction on grounds of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense so as to deprive him of a fair trial. See *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; see, also, *State v. Issa* (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904; *State v. Goff* (1998), 82 Ohio St.3d 123, 139, 694 N.E.2d 916. We note that both prongs of the *Strickland* test need not be analyzed if the claim can be resolved under only one. See *State v. Madrigal* (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. If a claim may be resolved on grounds of lack of prejudice, that course should be followed. See *State v. Loza* (1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082.

■ {¶ 14} Appellant claims that his trial counsel should have requested to withdraw his guilty plea. In order to show, however, that he received constitutionally ineffective assistance, appellant must prove that he was prejudiced by trial counsel's failure to do so. This is the point at which appellant's argument fails. To prove ineffective assistance on the basis of a failure to file a particular motion, a defendant must establish that the motion stood a reasonable probability of success. See *State v. Hollis*, Stark App. No. 2004CA00207, 2005-Ohio-1486, 2005 WL 724577, at ¶ 25; *State v. Morrison*, Highland App. No. 03CA13, 2004-Ohio-5724, 2004 WL 2421875, at ¶ 10; *State v. Haskell*, Seneca App. No. 13–03–45, 2004-Ohio-3345, 2004 WL 1433576, at ¶ 19. In the case sub judice, appellant has not persuaded us that a motion to withdraw his guilty plea had a reasonable probability of success.

{¶ 15} Appellant cites *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, for the proposition that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Although we do not generally dispute that point, we note that the Ohio Supreme Court has also held that a defendant

does not possess an absolute right to withdraw a guilty plea prior to sentencing and that a decision to grant such a motion lies in the sound discretion of the trial court. Id. at paragraphs one and two of the syllabus. In fact, in *Xie*, the Ohio Supreme Court determined that the trial court properly overruled the defendant's presentence motion to withdraw his guilty plea.

{¶ 16} Our research has uncovered at least two cases similar to the instant case. In both instances, a defendant pleaded guilty pursuant to a plea agreement and then failed to appear at the sentencing hearing. Subsequently, the defendants appeared for sentencing, and the prosecutor announced that he would no longer comply with the terms of the prior plea agreement. The defendants then moved to withdraw their guilty pleas. The trial court denied their motions, and those decisions were ultimately affirmed by our colleagues on the Third District Court of Appeals. See *Bonner*, 2004-Ohio-6043, at ¶ 9–17; *State v. Fell*, Seneca App. No. 13–03–74, 2004-Ohio-1853, 2004 WL 765214, at ¶ 4–7.

{¶ 17} The *Bonner* and *Fell* courts cited a variety of factors in support of their holdings, and we find that several of those factors apply here. First, in *Bonner*, the court noted that a two-year delay would severely prejudice the state's ability to prosecute the case. Id. at ¶ 12. In the instant case, appellant was arrested in 1999 and was not sentenced until 2004. Nearly five years had elapsed, and it is unclear whether all witnesses were available to testify at trial. The court also noted in *Bonner*, supra, at ¶ 14, that the defendant had not claimed to have a valid defense to assert if he had been permitted to withdraw his plea and go to trial. Likewise, in *Fell*, 2004-Ohio-1853, at ¶ 6, the court noted that the defendant had produced no evidence to support his request to withdraw his plea. Similarly, in the instant case, we find no evidence to show that appellant had a valid defense or a good reason to seek to withdraw his guilty plea other than the fact that he now faced prison time as a result of his own malfeasance in failing to appear at previous sentencing hearings.

{¶ 18} We cite these cases to show that such motions are not routinely granted. In other words, appellant has not established that a motion to withdraw his guilty plea stood a reasonable probability of success. Thus, he cannot show that he suffered prejudice by his counsel's failure to request a plea withdrawal.

{¶ 19} Accordingly, based upon the foregoing, we hereby overrule appellant's third assignment of error.

## III

{¶ 20} Appellant asserts in his fourth assignment of error that the trial court failed to follow the requisite statutory procedures for imposing his sentence.

{¶ 21} Our analysis begins with R.C. 2925.11(C)(3)(c), which states that possession of marijuana (in this particular case) is a fifth-degree felony. Available prison sentences range from 6 to 12 months. R.C. 2929.14(A)(5). Before imposing a maximum sentence, a trial court must find that the offender committed the worst form of the offense, posed the greatest likelihood of committing future crimes, was a major drug offender, or was a repeat violent offender. R.C. 2929.14(C).

{¶ 22} Appellant asserts that the trial court failed to make the required findings under R.C. 2929.14(C) to impose a maximum 12–month sentence. We note that the prosecutor concedes that appellant is correct on this point and that the matter should be remanded for resentencing.

{¶ 23} Because the parties agree on this particular issue, we hereby sustain appellant's fourth assignment of error and remand this matter for further proceedings.[2]

## IV

{¶ 24} Appellant argues in his fifth assignment of error that his sentence was based on factors not found by a jury or admitted by him during the proceedings below. He asserts that under the recent United States Supreme Court decision in *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, his sentence violates his constitutional right to a jury trial. We reject this argument for several reasons.

{¶ 25} First, the particular statutory factors with which appellant is concerned are set out in R.C. 2929.14(C). We note that we have sustained appellant's fourth assignment of error, finding that the trial court did not fully comply with the statute. Thus, the question whether those factors should have been found by a jury is now, technically, moot.

{¶ 26} Second, we held in *State v. Scheer*, 158 Ohio App.3d 432, 816 N.E.2d 602, 2004-Ohio-4792, at ¶ 15, that Ohio's sentencing statutes do not violate *Blakely*, and we have adhered to that ruling, see, e.g., *State v. Sideris*, Athens App. No. 04CA37, 2005-Ohio-1055, 2005 WL 567307, at ¶ 15; *State v. Wheeler*, Washington App. No. 04CA1, 2005-Ohio-479, 2005 WL 293801, at ¶ 16, fn. 2; *State v. Hardie*,

---

2. We express no opinion on whether the trial court complied with the requirements of R.C. 2929.14(C). Rather, our decision to sustain this assignment of error is based solely on the prosecutor's concession. We also emphasize that we do not pass judgment on the underlying merits of imposing a 12–month sentence. Rather, our disposition of this assignment of error involves only the issue of whether the trial court complied with the requisite procedure before it ordered the sentence.

▮▮▮▮▮▮▮▮▮▮▮▮

Washington App. No. 04CA24, 2004-Ohio-7277, 2004 WL 3090247, at ¶ 7–9, until the Ohio Supreme Court or United States Supreme Court rules otherwise.[3]

{¶ 27} For these reasons, appellant's fifth assignment of error is without merit and is hereby overruled.

{¶ 28} Having sustained appellant's fourth assignment of error, we affirm the trial court's judgment in part, reverse it in part, and remand the cause for resentencing consistent with this opinion.

Judgment affirmed in part<br>
and reversed in part,<br>
and cause remanded.

KLINE and McFARLAND, JJ., concur.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

3. We acknowledge that recent decisions like *United States v. Booker* (2005), 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621, and *State v. Bruce*, 159 Ohio App.3d 562, 2005-Ohio-373, 824 N.E.2d 609, continue to call into question the constitutionality of Ohio's felony sentencing scheme. We thus urge the Ohio Supreme Court to decide this issue as quickly as possible. Until it does, however, we continue to follow *Scheer*.