JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant Demetrius Byrd was indicted on one count of possession of cocaine in violation of R.C. 2925.11. He filed a motion to suppress all tangible evidence of the offense, alleging that the evidence was the product of an illegal stop and search. On July 6, 2004, the trial court held a hearing on the motion and overruled it. On August 26, 2004, Byrd entered a plea of guilty to possession of cocaine, a third-degree felony carrying a five-year maximum term of incarceration. The court accepted Byrd's plea and at a subsequent hearing sentenced him to two years' incarceration.
Byrd filed a timely appeal from his conviction and sentence. His attorney filed an appellate brief in accordance with Anders v.California,[1] indicating that he had examined the entire record and could not find any error in the proceedings below. He moved to withdraw and forwarded to this court an assignment of error drafted by Byrd that challenged the voluntariness of his plea. In doing so, counsel quoted from a letter he had received from Byrd that stated in pertinent part:
I requested this appeal [sic] reason being I felt I was misleaded [sic] into entering a plea of "guilty." At my plea or trial hearing an offer was made by the prosecutor for an exchange of a guilty plea * * * I would receive 1 year in prison.
I then asked for a continuance to consider the offer. The judge granted my request and re-scheduled the hearing. * * * I was sentenced to 2 years of prison instead of one.
This is my area of concern and my reason for the appealing of my sentence.
After observing that the record did not contain the transcript from the hearing held on July 6, 2005, this court granted counsel's motion to withdraw, appointed Christine Jones as new counsel, and ordered Byrd to supplement the record with any missing transcripts.
Byrd has supplemented the record with the transcript from the July 6, 2004, hearing and has presented an additional assignment of error for our review: The trial court erred in denying Byrd's motion to suppress.
We first address Byrd's argument that the voluntariness of his plea was undermined by the imposition of a two-year term of incarceration instead of the one-year term allegedly promised by the prosecutor.
A plea agreement is generally "contractual in nature and subject to contract-law standards."[2] "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."[3] The prosecutor's failure to comply with the terms of a plea agreement may render a defendant's plea involuntary, entitling him to withdraw the plea or to be resentenced in accordance with the plea agreement.[4] But a defendant alleging on direct appeal that a plea agreement has been violated must at least show that the record contains the terms of the agreement allegedly breached.[5]
We have reviewed the transcripts of the proceedings below, and we cannot find any statement by the prosecutor that could be construed as a promise of a one-year sentence. Such a promise would have been contrary to law, as only the trial court had the authority to determine Byrd's punishment. Any agreement between Byrd and the state would necessarily have been limited to a recommended sentence by the state.[6]
The record does not support Byrd's claim that the state offered him a one-year term of incarceration in exchange for his guilty plea: prior to accepting Byrd's plea, the trial court informed Byrd that he could be sentenced to five years of imprisonment. Byrd acknowledged this fact orally and in writing.
As the record does not demonstrate that the state promised Byrd a one-year term of incarceration in exchange for his guilty plea, we cannot say that the state breached a plea agreement when Byrd was sentenced to a two-year term. Accordingly, we overrule Byrd's first assignment of error.
Byrd argues also that the trial court erred in denying his motion to suppress. He moved to suppress evidence of crack cocaine on the basis that the police did not have probable cause to stop the vehicle in which he was a passenger. Further, he alleged that his continued detention and subsequent search were also illegal.
A guilty plea is a complete admission of the defendant's guilt.[7] A defendant who enters a guilty plea waives the right to raise on appeal all nonjurisdictional issues arising from prior stages of the proceedings, although the defendant may challenge the constitutionality of the plea itself.[8]
By entering a plea of guilty, Byrd completely admitted his guilt and waived the right to raise on appeal the propriety of the trial court's suppression ruling. Accordingly, we overrule the second assignment of error.
Finding no merit to the assigned errors, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Hendon, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] State v. Adkins, 161 Ohio App.3d 114, 2005-Ohio-2577,829 N.E.2d 729, ¶ 7.
[3] Santobello v. New York (1971), 404 U.S. 257, 262, 92 S.Ct. 495.
[4] Id. at 262-263; see, also, State v. Thompson, 4th Dist. No. 03CA766, 2004-Ohio-2413, at ¶ 17.
[5] See Thompson at ¶ 13.
[6] See State v. Mathews (1982), 8 Ohio App.3d 145, 146,456 N.E.2d 539 (citing Crim.R. 11(F)).
[7] Crim.R. 11(B)(1).
[8] See State v. McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731,774 N.E.2d 1228, at ¶ 15.