[Cite as *State v. Ferguson*, 2016-Ohio-8537.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-307 |
| v. | : | (C.P.C. No. 12CR-2698) |
| Theo Ferguson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 30, 2016

**On Brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson,* for appellant.

**On Brief:** *Theo Ferguson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1}  Defendant-appellant, Theo Ferguson, appeals from a judgment of the Franklin County Court of Common Pleas denying his post-sentence motion to withdraw guilty plea.  For the following reasons, we affirm that judgment.

## I.  Factual and Procedural Background

{¶ 2}  In 2012, appellant was indicted with six counts of trafficking cocaine and one count of aggravated trafficking in drugs.  On January 10, 2014, he entered a guilty plea to three felony counts of trafficking cocaine.  Appellant signed an "Entry of Guilty Plea" form which informed him that he faced a total maximum prison term of 21 years.  The trial court accepted his guilty plea and found him guilty.  On February 13, 2014, the trial court sentenced appellant to a total prison term of eight years.  According to a journal entry filed the next day, appellant announced in open court after hearing his sentence that his trial counsel previously told him that he would only receive a four-year prison

No. 16AP-307

sentence. His trial counsel disputed that representation. In light of that conflict, the trial court replaced appellant's trial counsel with an attorney from the Franklin County Public Defender's Office. The trial court scheduled a status conference for February 21, 2014 to allow appellant time to consult with his new attorney and to consider whether to file a motion to withdraw his guilty plea or take other action.

{¶ 3} On the day of the status conference, the trial court filed a document entitled "Waiver of Rule 32.1 Motion to Vacate Guilty Pleas." In that form, which appellant signed, appellant acknowledged that he had considered his options after consulting with his newly-appointed attorney. He then stated that he "knowingly, intelligently and voluntarily waive[d] my opportunity to submit a Criminal Rule 32.1 request to vacate my guilty pleas." He also stated that "[n]o promises of any sort, and no pressure of any sort has caused me to forego the opportunity to file a motion to vacate my pleas."

{¶ 4} Notwithstanding that form, and almost two years later on January 14, 2016, appellant filed a motion to withdraw his guilty plea. In his motion, appellant argued that his original trial counsel was ineffective for not filing a motion to dismiss his indictment due to a violation of his right to a speedy trial. The trial court denied the motion to withdraw guilty plea, pointing to appellant's waiver and his failure to set forth sufficient grounds for vacating his plea.

## II. Appellant's Appeal

{¶ 5} Appellant appeals the trial court's decision and assigns the following error:

> The Trial Court erred by Denying the Appellant's Motion to
> Withdraw Plea in violation of the 6th and 14th Amendments to
> the United States and Ohio Constitutions, and Ohio Statutory
> Law.

### A. Did the Trial Court Properly Deny Appellant's Post-Sentence Motion to Withdraw?

{¶ 6} Appellant argues that the trial court erred by denying his motion to withdraw his guilty plea. We disagree.

### B. Standard of Review

{¶ 7} Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

No. 16AP-307

It is the defendant who has the burden of establishing the existence of a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." *State v. Lampson*, 10th Dist. No. 09AP-1159, 2010-Ohio-3575, ¶ 6, citing *State v. Honaker*, 10th Dist. No. 04AP-146, 2004-Ohio-6256, ¶ 7. A manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process. *State v. Chandler*, 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 6. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price*, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11.

{¶ 8} The decision whether to grant or deny a motion to withdraw guilty plea is left to the discretion of the trial court. *Smith* at paragraph two of the syllabus; *Chandler* at ¶ 8. Therefore, this court's review of the trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16. Absent an abuse of discretion on the part of the trial court, a decision concerning a post-sentence motion to withdraw guilty plea must be affirmed. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). An abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision. *State v. Beavers*, 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8. However, no court has the authority, within its discretion, to commit an error of law. *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

**C. Analysis**

{¶ 9} In light of appellant's express waiver of the opportunity to submit a motion to withdraw his guilty plea, coupled with the two-year delay in filing his motion, we cannot say that the trial court abused its discretion by denying the motion. Appellant signed the waiver after consulting with a new attorney who would have reviewed appellant's case. Appellant expressly acknowledged that he signed the waiver knowingly, intelligently, and voluntarily. Further, an " 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the

No. 16AP-307

granting of the motion.' " *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 14, quoting *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14; *State v. Carmon*, 10th Dist. No. 11AP-818, 2012-Ohio-1615, ¶ 9. Here, appellant alleges that the speedy trial violation occurred as early as his arraignment in the trial court on February 1, 2013. Yet, he did not file this motion until January 14, 2016, almost three years after the alleged violation and almost two years after he raised the withdrawal issue and then expressly waived the opportunity to file a motion to withdraw after consulting with a new attorney. Appellant does not explain this lengthy delay. This unexplained delay supports the trial court's denial of his motion.

{¶ 10} We also reject appellant's argument that he should be permitted to withdraw his guilty pleas because his trial counsel was ineffective. Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, ¶ 18 (10th Dist.). A defendant seeking to withdraw a guilty plea based on ineffective assistance of counsel must show first that counsel's performance was deficient, and second that there is a reasonable probability that, but for counsel's errors, the defendant would not have agreed to plead guilty. *Xie* at 524. In order to show counsel's performance was deficient, the appellant must prove that counsel's performance fell below an objective standard of reasonable representation. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 133, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The appellant must overcome the strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* at 689. To show prejudice, the appellant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 204.

{¶ 11} Appellant specifically contends his counsel was ineffective for failing to file a motion to dismiss the charges because his statutory speedy trial rights were violated. When a claim of ineffective assistance of counsel is based on counsel's failure to file a particular motion, a defendant must show that the motion had a reasonable probability of success. *Carmon*; *State v. Barbour*, 10th Dist. No. 07AP-841, 2008-Ohio-2291, citing

No. 16AP-307

*State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577 (4th Dist.). Appellant fails to meet that burden in this case.

{¶ 12} An accused is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Ohio Constitution, Article I, Section 10. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 32. Ohio's speedy trial statutes, found in R.C. 2945.71 et seq., were implemented to enforce those constitutional guarantees. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996); *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, ¶ 10. The proper standard of review in speedy trial cases is to simply count the number of days passed, while determining to which party the time is chargeable, as directed in R.C. 2945.71 and 2945.72. *State v. Jackson*, 10th Dist. No. 02AP-468, 2003-Ohio-1653, ¶ 32, citing *State v. DePue*, 96 Ohio App.3d 513, 516 (4th Dist.1994). Because appellant faced felony charges in this case, the state had to bring him to trial within 270 days of his arrest. R.C. 2945.71(C)(2).

{¶ 13} Appellant argues that the 270 days should be counted beginning on April 7, 2012, the date of his initial arrest and arraignment in the Franklin County Municipal Court.[1] Accordingly, appellant argues that the 270 days had elapsed when he was subsequently arrested and arraigned in the trial court for this indictment on February 1, 2013. He argues that his trial counsel was ineffective for not requesting the dismissal of the indictment based on the violation of his right to a speedy trial. We disagree.

{¶ 14} Appellant's argument does not take into account the dismissal of the initial municipal court charges on April 17, 2012, an act that stopped the speedy trial clock until his arrest and indictment on the present charges. *State v. Bayless*, 10th Dist. No. 02AP-215, 2002-Ohio-5791, ¶ 20, citing *State v. Broughton*, 62 Ohio St.3d 253 (1991). Because we do not count the days between the municipal court dismissal and subsequent indictment in this case, appellant's argument fails.[2] *State v. Loel*, 10th Dist. No. 13AP-874, 2014-Ohio-3045, ¶ 9-13 (rejecting same argument because "the days between the dismissal of the complaint in the municipal court and the filing of the indictment in the

---

[1] Appellant concedes that he was not being held in jail during this time, so the triple-counting provisions in R.C. 2945.71(E) do not apply.

[2] Additionally, after his arrest, appellant agreed to multiple continuances and waivers of his right to a speedy trial which tolled most, if not all, of the remaining days before his guilty plea.

No. 16AP-307

common pleas court based on the same facts are not counted in this speedy trial analysis. Without those days, appellant cannot establish a statutory violation of his right to a speedy trial"); *State v. Diallo*, 10th Dist. No. 12AP-388, 2013-Ohio-1248, ¶ 17 (same). Because a motion based on this argument does not have a reasonable probability of success, appellant's ineffective assistance of counsel claim also fails.

## III.  Conclusion

{¶ 15}  The trial court did not abuse its discretion when it concluded that appellant failed to demonstrate a manifest injustice that would warrant the withdrawal of his guilty plea.  Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.