[Cite as *State v. Snell*, 2019-Ohio-1033.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-004

          Appellee                               Trial Court No. 2016CR0648

v.

Keyonna Snell                                    **DECISION AND JUDGMENT**

          Appellant                              Decided:  March 22, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David T.
Harold and Jim Hoppenjans, Assistant Prosecuting Attorneys,
for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Keyonna Snell, appeals the January 23, 2018 judgment

of the Wood County Court of Common Pleas which, following her guilty plea to

engaging in a pattern of corrupt activity, a second-degree felony, sentenced her to five

years of imprisonment.  For the reasons that follow, we affirm.

**{¶ 2}** On January 19, 2017, appellant and three co-defendants were indicted on charges of engaging in a pattern of corrupt activity, theft, forgery, possession of criminal tools, and money laundering. The dates of the acts alleged included May 9, August 13, and December 20, 2016, and involved various Walmart locations in Ohio and several other states. The charges stemmed from a prepaid credit card scam, also known as a "cash-cash" scam. In the scam, a customer with a phony, prepaid credit card attempts to use the card for purchases by swiping it through the card reader. The card reader indicates that the authentication is in process but is unable to read the card; the cashier is then directed by the fabricated instructions on the back of the card to hit "cash plus cash plus enter" to complete the transaction. The transaction would then be read as a cash transaction but no cash was added to the register as the card had no value. The cashier would only be alerted to the deficit when attempting to cash out at the end of the day. Appellant entered a not guilty plea to the charges.

**{¶ 3}** On September 27, 2017, three of the defendants proceeded to a joint-trial before a jury. Pursuant to a plea agreement, a fourth defendant testified on behalf of the state. Also testifying was the asset protection manager from the Walmart in Perrysburg, Ohio. Her testimony centered on the surveillance tapes and still images retrieved from the Bowling Green, Ohio, and Perrysburg Walmart locations.

**{¶ 4}** During the manager's testimony, an objection was raised as to videos and images allegedly evidencing the August 13, 2016 cash-cash scam as it unfolded in the lawn and garden department check-out line. Defense counsel indicated that it had not

2.

received the video prior to trial. The court continued the trial to the next morning to allow review of the images.

{¶ 5} After reconvening and in order to avoid appealable issues due to the discovery omission, the state offered the co-defendants identical plea agreements to an amended Count 1 of the indictment, engaging in a pattern of corrupt activity, a second-degree felony; the remaining counts would be dismissed. The state agreed to recommend a community control sentence. As a condition to entering the agreement, the defendants were required to admit their involvement by circling their images in the surveillance photos and agreeing to never enter a Walmart store in the continental United States. Appellant agreed to the conditions and entered a guilty plea.

{¶ 6} The sentencing hearing was scheduled for November 17, 2016, at 11:00 a.m. The state explained that the day before, Walmart global security had provided photographs which purportedly depicted the defendants in Walmart stores in Missouri and North Carolina following the plea date which would evidence a violation of the plea agreement. Immediately upon receipt, the state forward copies to defense counsel. The court requested to view the photographs. No positive identifications were made and the court assured that it would not consider the photographs in rendering its sentence. The matter was continued to the afternoon for the attorneys to confer with their clients. At that time, it was discovered that appellant and a co-defendant had failed to reappear. Counsel of the co-defendant was informed that the women were involved in an

3.

automobile accident and were being treated at a hospital. The crash could not be confirmed and warrants were issued. Appellant was subsequently arrested.

{¶ 7} On January 19, 2018, the sentencing hearing was ultimately held. Appellant's counsel acknowledged that based on her prior criminal history and the failure to appear at sentencing, appellant would likely not be a candidate for community control. Counsel asked the court to consider a two-year minimum sentence.

{¶ 8} The state, while indicating that it was recommending a community control sentence, noted that because other defendants received four and five-year sentences, a two-year sentence would be "di minimus." The state further noted the fact that appellant fled the jurisdiction just prior to the originally scheduled sentencing. Appellant was then sentenced to five years of imprisonment; the sentence was journalized on January 23, 2018, and this appeal followed with appellant raising two assignments of error for our review:

> First Assignment of Error: Appellant's discovery rights were violated when the state failed to produce videotape evidence prior to trial.

> Second Assignment of Error: The state of Ohio breached the terms of the plea agreement.

{¶ 9} In her first assignment of error, appellant argues that her due process right to a fair trial was violated when the state failed to produce the August 13, 2016 Walmart surveillance videotape which purportedly showed persons engaged in the criminal activity alleged in the indictment. The state counters that prior to trial the videotape was

4.

not possessed by "any official arm of the State" and, in any event, because the evidence was inculpatory there was no reasonable likelihood that the outcome of the trial would have been different if there had been an earlier disclosure of the video.

{¶ 10} Critical to our ruling on this assignment of error is the fact that appellant entered a guilty plea following the disclosure of the videotape and the continuance allowing counsel to review the tape. Ohio law clearly provides that a defendant's act of entering a guilty plea waives any alleged discovery errors so long as the alleged error did not affect the knowing and voluntary nature of the plea. *State v. Bryant*, 6th Dist. Lucas No. L-03-1359, 2005-Ohio-3352, ¶ 23. *See State v. Chiles*, 8th Dist. Cuyahoga No. 103179, 2016-Ohio-1225, ¶ 7; *State v. Moxley*, 12th Dist. Madison No. CA2011-06-010, 2012-Ohio-2572, ¶ 33.

{¶ 11} Accordingly, because appellant has not challenged the knowing and voluntary nature of her plea in relation to the alleged discovery violation, we find that the error was waived. Appellant's first assignment of error is not well-taken.

{¶ 12} In appellant's second assignment of error she contends that the state breached the terms of the plea agreement by providing the court with photographs of unidentified persons entering a Walmart and by making various comments at sentencing. Appellant contends that these actions undermined the state's agreement to recommend a community control sentence.

{¶ 13} As the parties correctly note, a plea agreement is a contract between the state and the defendant and is governed by contract law principles. *State v. Sabath*, 6th

5.

Dist. Lucas No. L-08-1148, 2009-Ohio-5726, ¶ 12, citing *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150. Accordingly, if one side breaches the agreement, then the other side is entitled to either rescission or specific performance of the plea agreement. *State v. Walker*, 6th Dist. Lucas No. L-05-1207, 2006-Ohio-2929, ¶ 13, citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Moreover, "Ohio courts have generally held that if a defendant fails to appear at the sentencing hearing, the defendant is in breach of any plea agreement." *[State v.] Adkins*, 161 Ohio App. 3d 114, 2005 Ohio 2577, at ¶ 8, 829 N.E.2d 729. *See, also, State v. Bonner*, 3d Dist. Nos. 4-04-05, 4-04-06, 4-04-07, 2004 Ohio 6043, ¶ 17. The appearance of a defendant at a scheduled hearing date is "an implied covenant in any plea agreement." *Id*. at ¶ 9, citing *State v. Hess* (Dec. 24, 1991), 4th Dist. No. 515, 1991 Ohio App. LEXIS 6482 (Harsha, J., concurring). *State v. Grier*, 3d Dist. Crawford No. 3-10-09, 2011-Ohio-902, ¶ 18.

{¶ 14} At the initial sentencing date, the state indicated that the photographs were sent by Walmart security in response to an inquiry; the state was investigating whether or not the terms of the plea agreement had been complied with. The day before sentencing, but immediately upon receipt, the state forwarded the images to defense counsel so they could review them with their respective clients.

{¶ 15} The court explained that because it could not recognize the individuals in the photographs, the court "would not hold that against them in any way, shape or form

6.

through th[e] sentencing." The court then stated that it would consider only the recommendation of the state, the record in the case, and the PSI reports.

{¶ 16} Thereafter, at appellant's rescheduled sentencing and as set forth above, defense counsel acknowledged that community control was not a viable option based on appellant's criminal history and the fact that she failed to appear at the original sentencing. Counsel recommended that the court sentence her to two years of imprisonment. The state's comment that a two-year sentence would be "di minimus" appears to be in response to appellant's counsel's statement. At that point, though the state did utter the words "we are going to recommend community control," it would be logical to conclude that appellant did not reasonably believe that a non-prison sentence was a viable option.

{¶ 17} Based on the statements of trial counsel and the fact that appellant failed to appear at sentencing, we find that the state did not breach the terms of the plea agreement. Appellant's second assignment of error is not well-taken.

{¶ 18} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                        _____

                                                                                    JUDGE

Arlene Singer, J.

                                        _____

Thomas J. Osowik, J.                                       JUDGE
CONCUR.

                                        _____
                                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.