[Cite as *State v. Anderson*, 2020-Ohio-6912.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 19CA3871 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| KEQUAN D. ANDERSON | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED 12/16/2020** |

_____

<u>APPEARANCES:</u>

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

Kequan Anderson, Pro Se Appellant.

_____

Hess, J.

{¶1} This is an appeal from a Scioto County Court of Common Pleas judgment entry that denied Kequan Anderson's petition for post-conviction relief. After reviewing the facts and the law, we affirm the trial court's judgment.

{¶2} In 2017, the State charged Anderson with a three-count indictment: (1) trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(f), (2) possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(e), and (3) possession of marijuana in violation of R.C. 2925.11(A) and (C)(3)(a). Pending sentencing, Anderson was released on bond subject to numerous conditions, including that he refrain from using illegal drugs.

{¶3} In his plea agreement, Anderson acknowledged that he could be sentenced up to eleven years for trafficking in cocaine. He then pleaded guilty to trafficking in cocaine with a recommended three-year sentence.

{¶4} On September 12, 2017, the court held a sentencing hearing in which the Judge recognized that "[Anderson] pled guilty to a felony of the first degree, a charge of trafficking in Cocaine, and it was a negotiated plea " * * * that as long as he abided by the conditions of his bond, he would receive a three year mandatory prison term." However, the Judge found that Anderson did not abide by the terms of his bond because he was late to appear for sentencing and he tested positive for marijuana. The Judge sentenced Anderson to a four-year prison term.

{¶5} Anderson never filed a direct appeal. However, on June 6, 2018, Anderson, acting pro se, filed a petition for post-conviction relief alleging four claims: (1) he was denied his counsel of choice, (2) his counsel was ineffective, (3) the prosecutor committed misconduct by failing to disclose evidence that was favorable to Anderson, and (4) the trial court improperly sanctioned Anderson by punishing him by increasing his prison term for being late to sentencing and testing positive for marijuana. The trial court denied his petition without a hearing in an entry that was filed January 30, 2019. The trial judge found no evidence to support any of Anderson's claims and consequently denied his petition. It is from this judgment that Anderson appeals, asserting a single assignment of error.

ASSIGNMENT OF ERROR

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT
DENIED THE RELIEF OF SPECIFIC PERFORMANCE OF
THE PLEA BARGAIN."

{¶6} Anderson asserts that the trial court abused its discretion when it denied him the relief of specific performance of the plea bargain, i.e. the court cannot punish a defendant for violating the conditions of bond by imposing a sentence that is greater than the sentence agreed to pursuant to a plea bargain.

{¶7} The State argues that Anderson's petition was not timely filed. In pertinent part, the State also argues that because Anderson violated the terms of his negotiated plea agreement the trial court's imposition of the four-year prison term, which was within the statutory range permitted for Anderson's offense, should be affirmed.

{¶8} " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Rinehart*, 4th Dist. Ross No. 17CA3606, 2018-Ohio-1261, ¶ 10, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. And "the doctrine of res judicata is generally applicable to petitions for postconviction relief in that the doctrine 'bars claims for post-conviction relief based on allegations which the petitioner raised, or could have raised, in the trial court or on direct appeal .' " *State v. Clark*, 4th Dist. Highland No. No. 15CA12, 2016-Ohio-2705, ¶ 15, quoting *State v. Howard,* 4th Dist. Scioto No. 96CA2470,

1997 WL 46006 (Aug. 11, 1997), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus (1967).

**{¶9}** Initially, we note that it appears that Anderson could have raised his breach-of-plea argument in his direct appeal of his criminal conviction, and Anderson does not argue that he was somehow prevented from doing so. Consequently, res judicata should have precluded the trial court from considering his petition on the merits, but it nevertheless did. Therefore, we will examine the merits of Anderson's argument.

**{¶10}** "A negotiated plea agreement is essentially a contract between the state and the defendant." *State v. Bush*, 11th Dist. Trumbull No. 2004-T-0003, 2005-Ohio-1898, ¶ 21. "[W]hen a valid plea agreement is breached by the state, the trial court, within its sound discretion, may either allow the negotiated plea to be withdrawn, or may require the state to fulfill its end of the bargain." *State v. Thompson*, 4th Dist. Adams No. 3CA766, 2004-Ohio-2413, ¶ 12, citing *State v. Mathews*, 8 Ohio App.3d 145, 456 N.E.2d 539 (10th Dist. 1982), *State v. Davenport*, 116 Ohio App.3d 6, 10-11, 686 N.E.2d 531 (12th Dist. 1996), *State v. Quinn*, 2d Dist. Miami No. 02CA54, 2003-Ohio-5743, *State v. Ford,* 4th Dist. Lawrence App. No. 97CA32, 1998 WL 79885 (Feb. 18, 1998), *State v. Woyan*, 4th Dist. Athens No. 96 CA 1772, 1997 WL 426117 (July 21, 1997), *State v. Hess*, 4th Dist. Adams No. 515, 1991 WL 286052 (Dec. 24, 1991). However, a defendant's breach of a plea agreement relieves the prosecutor of his or her obligation(s) under the agreement, such as recommending a particular sentence. *State v. Adkins*, 161 Ohio App. 3d 114, 2005-Ohio-2577, 829 N.E.2d 729, ¶ 4,7

(4th Dist.). A defendant's failure to abide by conditions of bond, such as taking illegal drugs, results in a breach of the plea agreement. *See State v. Billiter*, 2018-Ohio-733, 106 N.E.3d 785, ¶ 26 (4th Dist.).

{¶11} Further, [p]unishment, * * * is not subject to plea bargaining. *State v. Minshall*, 4th Dist. Meigs No. 93CA511, 1993 WL 472887, *3 (Nov. 9, 1993). "While the state may, pursuant to a plea agreement, agree to recommend a certain sentence or to make no recommendation regarding sentencing, punishment is a matter either determined expressly by statute or lying with the sound discretion of the trial court." *Id.*, citing *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (10th Dist. 1982), *State v. Morehouse*, 4th Dist. Meigs No. 92CA478, 1993 WL 6564 (Jan. 14, 1993).

{¶12} The record demonstrates that Anderson, not the State, breached the plea agreement by testing positive for marijuana while out on bond prior to sentencing, despite agreeing that he would not use illegal drugs pursuant to his bond agreement. As a result, the trial court imposed a four-year prison sentence, instead of the agreed three-year sentence, which is well within the maximum eleven-year prison sentence that the court could have imposed for trafficking. *See State v. Johnson*, 4th Dist. Scioto No. 14CA3612, 2016-Ohio-1070, ¶ 13. Under these circumstances we find that the trial court did not abuse its discretion in denying Anderson's petition.

{¶13} Accordingly, we affirm the trial court's judgment denying Anderson's petition for post-conviction relief.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for Appellant's petition.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY:      _____
Michael D. Hess, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**