[Cite as *State v. Thomas*, 2021-Ohio-407.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-20-1063

      Appellee                                     Trial Court No. CR0201701655

v.

Deonte Lamour Thomas                         **DECISION AND JUDGMENT**

      Appellant                                   Decided:  February 12, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Carly M.
Edelstein, Assistant Public Defender, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a February 25, 2020 judgment of the Lucas County

Court of Common Pleas, denying appellant's petition for postconviction relief.  The

denial was principally grounded on the basis of res judicata, with secondary timeliness

considerations.

{¶ 2} Appellant's prior direct appeal was found to be without merit by this court. *State v. Thomas*, 6th Dist. Lucas No. L-17-1266, 2019-Ohio-1916. For the reasons set forth below, this court likewise affirms the judgment of the trial court.

{¶ 3} Appellant, Deonte Lamour Thomas, sets forth the following two assignments of error:

I. The trial court erred when it determined that [appellant's] postconviction petition was barred by the statute of limitations.

II. The trial court erred by applying the doctrine of res judicata to bar [appellant's] postconviction grounds for relief.

{¶ 4} The following undisputed facts are relevant to this appeal. On March 17, 2017, appellant showed up in the middle of the night at the residence of one of the women with whom appellant had been sporadically involved. Appellant maintained simultaneous, intimate relationships with several different women.

{¶ 5} The record reflects that the relationship between appellant and the victim was quite volatile. Appellant was in a highly agitated, unrestrained state when he went to the victim's residence.

{¶ 6} Appellant became enraged upon seeing a video that the victim posted to Snapchat of a bonfire that she hosted for some friends and family members at her residence. Appellant had not been included in the gathering. Appellant's perceived slight at these events led to the commission of the offenses from which this appeal arises.

{¶ 7} The record reflects that over the course of their involvement, appellant had burned the victim, given her black eyes, pistol whipped the victim, and struck her on multiple occasions.

{¶ 8} Upon arrival at the victim's residence in the middle of the night, after the bonfire had concluded and the victim had gone to sleep, appellant forcibly kicked in the front door. Appellant went into the victim's bedroom and brutally assaulted her, physically and sexually, for approximately six hours.

{¶ 9} During the course of the attack, appellant repeatedly choked the victim until she lost consciousness. At one point, upon the victim regaining consciousness, appellant took a water soaked towel and smothered the victim's face with it, suffocating and choking her until she vomited blood. Subsequent to the above-described physical attack, which debilitated the victim, appellant raped the victim.

{¶ 10} On April 20, 2017, appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11, a felony of the first degree, one count of felonious assault, in violation of R.C. 2903.11, a felony of the second degree, one count of kidnapping, in violation of R.C. 2905.01, a felony of the first degree, and one count of rape, in violation of R.C. 2907.02, a felony of the first degree.

{¶ 11} A four-day jury trial was conducted. Appellant was found guilty on all counts. On September 28, 2017, appellant was sentenced to a 16 year total term of incarceration.

3.

{¶ 12} On October 26, 2017, a direct appeal was filed. On appeal, appellant set forth numerous substantive claims, including: prejudice from a motion to exclude denial; ineffective assistance of counsel; judicial misconduct; error in denying appellant's App.R. 29 motion for acquittal; and the verdict being against the manifest weight of the evidence.

{¶ 13} On May 17, 2019, this court denied appellant's direct appeal in its entirety. This court determined, in relevant part, "[W]e do not find that the trial court abused its discretion in admitting the evidence of prior bad acts * * * [Appellant] identifies no basis to find the necessary prejudice to reverse the verdict based upon ineffective assistance of counsel * * * [T]he trial court properly denied [appellant's] motion for acquittal * * * [W]e are not convinced the evidence weighs against conviction, or that the jury clearly lost its way." *Thomas*, 6th Dist. Lucas No. L-17-1266, 2019-Ohio-1916, at ¶ 70.

{¶ 14} On February 20, 2019, appellant filed a petition for postconviction relief. On February 25, 2020, subsequent to this court's May 17, 2019 denial of appellant's direct appeal, the trial court likewise denied appellant's petition for postconviction relief.

{¶ 15} The trial court held in relevant part, "*All of the claims now raised by petitioner are precluded and barred from consideration by the doctrine of res judicata. All of these claims could well have been presented as part of petitioner's direct appeal of his convictions. As such, they cannot be considered now by this court*." (Emphasis added).

4.

{¶ 16} In addition, as particularly relevant to the proffered basis of this appeal, the trial court further mentioned, at the end of the decision, a further determination that the petition had been untimely filed. This appeal ensued.

{¶ 17} In appellant's first assignment of error, appellant maintains that the trial court erred in the above-referenced determination that appellant's petition for postconviction relief was not timely filed. We note that appellee concedes to the propriety of appellant's first assignment of error.

{¶ 18} Although appellee acknowledges that the trial erred on timeliness, more importantly, appellee simultaneously points out that, "[T]he State does not dispute that [appellant] filed his petition in accordance with the time periods required by R.C. 2953.23 * * * *A finding that a petition was untimely does not require reversal when a petition was properly denied on other grounds*. *State v. Brown*, 4th Dist. Scioto No. 18-CA-3829, 2018-Ohio-4991, ¶ 12." (Emphasis added).

{¶ 19} Accordingly, appellee concedes, and we likewise concur, that appellant's petition was not untimely filed. However, we further note that appellee correctly conveyed that a petition denial can survive an error on timeliness, if it was properly denied on other legitimate grounds.

{¶ 20} With that being said, we find appellant's first assignment of error well-taken.

5.

{¶ 21} In appellant's second assignment of error, appellant asserts that the trial court erred in denying appellant's petition for postconviction relief on the basis of res judicata. We do not concur.

{¶ 22} As set forth by the Ohio Supreme Court, "We hold that a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; *a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence*." *State v. Gondor*, 112 Ohio St.3d 377, 860 N.E.2d 77, 2006-Ohio-6679, ¶ 58. (Emphasis added).

{¶ 23} In addition, as held in *Gondor* at ¶ 47, "In the interest of providing finality to judgments of conviction, courts construe the post-conviction relief allowed under R.C. 2953.21(A)(1) narrowly."

{¶ 24} It is well-established that an abuse of discretion requires more than showing an error of law or judgment. It must be demonstrated that the trial court's action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 25} In conjunction with the above, Ohio courts consistently affirm the applicability of res judicata to petitions for postconviction relief. As set forth in *State v. Anderson*, 4th Dist. Scioto No. 19-CA-3891, 2020-Ohio-6912, ¶ 8, "[T]he doctrine of res judicata is generally applicable to petitions for post-conviction relief in that *the [res judicata] doctrine bars claims for post-conviction relief based on allegations which the*

6.

*petitioner raised, or could have raised, in the trial court or on direct appeal.*" (Emphasis added).

{¶ 26} In support of the second assignment of error, appellant asserts that the bulk of the subject trial court judgment, denying appellant's petition on the basis of res judicata, should be construed as mere dicta.

{¶ 27} Appellant maintains, "[T]he court believed it was jurisdictionally barred from considering the petition's merits, its discussion of res judicata is mere dicta." Therefore, appellant maintains that the substantive basis of the petition's denial was timeliness, not res judicata. We do not concur.

{¶ 28} Contrary to appellant's position, the content of the February 25, 2020 judgment of the trial court reflects that the clear bulk of the analysis underpinning the denial of the petition was centered upon res judicata.

{¶ 29} The trial court held, in relevant part, "All of the claims now raised by petitioner are precluded and barred from consideration by the doctrine of res judicata * * * *Moreover, R.C. 2953.21(A)(2) requires that a petition for post conviction relief be filed be filed no later than 365 days after the date on which the trial transcript is filed.*" (Emphasis added).

{¶ 30} The language clearly shows that the trial court primarily relied upon res judicata, and only secondarily upon timeliness, in reaching the subject petition denial decision.

7.

{¶ 31} As discussed above, analogous precedent supports the propriety of the affirmation of a postconviction relief petition denial incorrectly found to be untimely, if it is found to have been properly denied on other grounds. *Brown*, 4th Dist. Scioto No. 18-CA-3829, 2018-Ohio-4991, at ¶ 12.

{¶ 32} Given that the res judicata considerations were not mere dicta, as argued by appellant, we now turn our focus to appellant's alternative claim in support of this appeal that, "The second assignment of error [from appellant's direct appeal, ineffective assistance of counsel] is relevant to this [the instant] appeal."

{¶ 33} It is well-established the demonstration of ineffective assistance of counsel requires establishing specified missteps of trial counsel, but for which the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984).

{¶ 34} In primary support of appellant's second assignment of error, appellant asserts that, "These ineffective assistance of counsel claims could not have been presented effectively to this Court on direct appeal because they are based on evidence outside of the record."

{¶ 35} This position appears to arise from this court's recent holding that, "To avoid dismissal of a petition under res judicata grounds, the petitioner must identify competent, relevant, and material evidence outside the trial record *supporting their claims*." (Emphasis added). *State v. Hill*, 6th Dist. Lucas No. L-19-1248, 2020-Ohio-3824, ¶ 6.

8.

{¶ 36} Appellant alleges that additional supporting indicia of his failed direct appeal claim of ineffective assistance of counsel is outside of the trial record of evidence, but would have been sufficient to establish ineffective assistance of counsel, and thereby would enable appellant to avoid a res judicata dismissal.

{¶ 37} We have considered appellant's specific claimed additional examples, allegedly demonstrating the ineffective assistance of trial counsel. We remain unconvinced.

{¶ 38} Appellant asserts that had trial counsel done certain things differently: such as ensure the admission into evidence of documentation reflecting appellant's payment of some household bills at the residence of the victim; introduce into evidence a sexually explicit video of consensual relations between appellant and the victim; obtaining an expert witness to demonstrate that the victim talked to appellant on his mobile phone for a period of 17 minutes on the day of the incident; and introducing evidence that a witness had communicated with the victim on her mobile phone rather than through Facebook, that the outcome of the case would have been different. We do not concur.

{¶ 39} We find that even if, assuming arguendo, each of the specific instances of alleged ineffective assistance of counsel resulting in the specific items or information being absent from the trial record, had transpired precisely in appellant's preferred way for purposes of the trial record, appellant has nevertheless failed to demonstrate that he would not have been convicted of the offenses.

9.

{¶ 40} Appellant has not presented evidence demonstrating a different outcome had the trial court record included additional evidence of the already known involvement of the parties, such as appellant's payment of certain bills for the victim, a recording of consensual sexual relations between appellant and the victim, documentation of additional mobile phone communications between the parties, additional evidence of the victim's known equivocation regarding appellant, evidence that the victim sent appellant's other known paramour a vulgar message, or any of the other myriad examples cited by appellant in support of the second assignment of error.

{¶ 41} Accordingly, we find that appellant has failed to present additional evidence, regardless of origins, establishing ineffective assistance of counsel, so as to arguably avoid the applicability of res judicata to the underlying petition. We further find that the trial court's denial of the petition was supported by credible evidence of the applicability of res judicata. As such, the denial was not unreasonable, arbitrary or unconscionable.

{¶ 42} As set forth in detail above, the granting of the first assignment regarding timeliness does not operate to negate the trial court's proper denial of appellant's postconviction petition on the legitimate grounds of res judicata.

{¶ 43} Wherefore, we find appellant's second assignment of error not well-taken.

10.

**{¶ 44}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                               JUDGE
Thomas J. Osowik, J.           

Christine E. Mayle, J.           _____
CONCUR.                                                  JUDGE

_____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.